(No. 3417—

RUFUS TYLER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 11, 1942.*

CLARENCE B. DAVIS, for claimant.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

ECKERT, J.

On August 18, 1939, the claimant, Rufus Tyler, was employed by the Department of Agriculture of the State of Illinois as a garbage collector at the Illinois State Fair. While at work back of the 4H Club, he fell from the wagon in which he was riding, bruising his face and lips, and suffering contusions of the right wrist and forearm. He was taken to the emergency hospital for preliminary treatment and then to the office of Dr. David M. McCarthy who treated him at the expense of the State for five or six weeks.

At the time of his injury, claimant was forty-six years of age, a resident of Peoria, Illinois, and an unmarried man without dependents. No claim is made for temporary total disability, but claimant seeks compensation for permanent injury to arm, wrist and hand, for a scar upon his face, and for partial loss of hearing in left ear. At the time of the injury claimant was being paid fifty cents per hour and worked about eight hours a day, five days a week. Employees of the Department of Agriculture engaged in the same capacity and

at the same rate as claimant are employed less than two hundred days a year. Subsequent to his discharge by Dr. McCarthy, he went to work for the City of Peoria and continued in that work until taken ill with pneumonia.

From the record in this case it appears that at the time of the injury in question, the claimant and respondent were operating under the provisions of the Workmen's Compensation Act of this State, and that notice of the accident and claim for compensation were made within the time provided by the Act. The accident arose out of and in the course of the employment.

It also appears from the record that any impairment of claimant's hearing is not connected with the injury in question. Furthermore, the Workmen's Compensation Act does not provide for compensation for partial loss of hearing, so that no award can be made for such alleged impairment.

From the testimony of Dr. McCarthy, it appears that claimant has scar about one-half inch long on the upper lip which the doctor stated was not a serious disfigurement of the face. Following the accident claimant was able to secure employment similar to that in which he had been engaged at the time of the accident. The State contends, and it is not denied by the claimant, that a disfigurement to be compensable must, in addition to being permanent, be a serious disfigurement. "The commissions and courts have decided in various cases that before a disfigurement can be considered serious it must be of such a disfigurement as affects a man's employment." Section 272, Angerstein (1930 Edition). No award can therefore be made to claimant on account of the alleged disfigurement.

It appears from the record that there is no injury to claimant's wrist, but that claimant has suffered a permanent partial loss of the use of his right hand. The uncontradicted testimony is that the disability is twenty-five per cent. At the rate of fifty cents per hour, eight hours per day, compensation should be determined on the basis of two hundred days at four dollars per day, or an annual wage of Eight Hundred Dollars. This in turn equals an average weekly wage of $15.38. Under the provisions of the Workmen's Compensation Act, claimant is entitled, for twenty-five per cent permanent partial disability of his right hand, to fifty per cent of his average weekly wage for a period of forty-two and one-

half weeks, or the sum of $326.83. Since the accident occurred after July 1st, 1939, the amount of compensation must be increased ten per cent, making a total sum of $359.55.

Award is therefore entered in favor of the claimant for the said sum of $359.55, all of which is accrued and is payable forthwith.

This award being subject to the provisions of an Act entitled "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," approved June 30th, 1941, and being by the terms of such Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the General Revenue Fund in the manner provided for in such Act.